**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Maria Irma Rico DE MARTINEZ,**
**Defendant—Appellant.**

No. 05–50397.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 26, 2006.

Decided Aug. 2, 2006.

Before: FERNANDEZ, RYMER, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Maria Irma Rico De Martinez appeals her conviction on two counts of alien smuggling: (1) bringing in an illegal alien for financial gain in violation of 18 U.S.C. § 1324(a)(2)(B)(ii), and aiding and abetting in violation of 18 U.S.C. § 2; and (2) bringing in an illegal alien without presentation in violation of 18 U.S.C. § 1324(a)(2)(B)(iii), and aiding and abetting in violation of 18 U.S.C. § 2. Because each of Martinez's six claims are without merit or are not properly before this court, we affirm.

■ First, Martinez argues that the district court violated Federal Rule of Evidence 403 in allowing the government to elicit testimony that Gomez–Diaz was "hot and sweaty" in the dashboard compartment in which she was concealed during the smuggling attempt. The evidence was not irrelevant, since it helped to establish Martinez's awareness that Gomez–Diaz was hidden behind the dashboard. Moreover, in light of the evidence supporting Martinez's guilt, any alleged error does not rise to the requisite "plain error" standard. *See United States v. Bear*, 439 F.3d 565, 568 (9th Cir.2006) (noting that to reverse under the plain error standard, there must be (1) an error, (2) that is plain, and

(3) that affects substantial rights); *see also United States v. Gonzalez–Flores*, 418 F.3d 1093, 1098–1102 (9th Cir.2005) (concluding that similar error was harmless).

■ Second, Martinez argues that the court improperly precluded her from cross-examining Estrada in violation of her Sixth Amendment right to confrontation. We disagree. The district court allowed Martinez to cross-examine Estrada generally regarding the benefits she received in exchange for pleading guilty and testifying against Martinez. The limitation imposed was narrow. While a defendant is entitled to "engag[e] in otherwise appropriate cross-examination," this does not mean that he or she may conduct cross-examination "that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Van Arsdall*, 475 U.S. 673, 679–80, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986) (internal quotation marks and citation omitted); *see also United States v. Sua*, 307 F.3d 1150, 1153 (9th Cir.2002) (noting that the confrontation clause "does not guarantee an unbounded scope in cross-examination") (internal quotation marks and citation omitted). Here, the court did not unduly limit Martinez's cross-examination rights.

■ Third, Martinez presents an ineffective assistance of counsel claim. With the exception of two extraordinary circumstances, this court entertains such claims via collateral review rather than on direct appeal. *See United States v. Labrada–Bustamante*, 428 F.3d 1252, 1260 (9th Cir. 2005). Specifically, we hear such claims directly only (1) if the alleged ineffective legal representation is "so inadequate that it obviously denies the defendant his Sixth Amendment right to counsel," or (2) if the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

record on appeal is "sufficiently developed" to allow determination of the issues. *Id.* (internal quotation marks and citation omitted). Martinez's claim does not fall within either of these two scenarios.

■ Fourth, Martinez requests that we order a new trial or remand for further fact-finding on account of the government's alleged failure to disclose material evidence of an under-the-table plea agreement between it and Estrada. In order for us to provide the requested relief, Martinez must provide direct or "clear" evidence demonstrating that the government failed to disclose the benefits it provided Estrada. *See United States v. Ramirez,* 608 F.2d 1261, 1265–67 (9th Cir.1979); *see also United States v. Cooper,* 173 F.3d 1192, 1203 (9th Cir.1999). Here, Martinez has failed to provide any such evidence.

■ Fifth, Martinez argues that the government failed to demonstrate that she crossed the U.S. border with Gomez–Diaz, as she contends is statutorily required. Under 8 U.S.C. § 1324(a)(2), however, a petitioner need only "bring[ ] or attempt[ ] to bring" the alien into the United States to fall within the statute's purview. The alien need never actually cross the border in order for the defendant to violate the federal statute. Besides, proof that she was apprehended at the port of entry would be enough for a jury to conclude that the border had been crossed, were that required.

[8, 9] Finally, Martinez contends that the district court erred when instructing the jury regarding the 8 U.S.C. § 1324(a)(2)(B)(ii) intent requirement of financial gain. The district court instructed the jury that the requisite intended economic benefit included, but was not limited

to, Martinez herself receiving financial gain. Count 1 explicitly charged Martinez not only as a principal, but also with aiding and abetting Estrada under 18 U.S.C. § 2. Since the pecuniary gain element of an aiding and abetting charge can be satisfied if either the principal *or* an aider and abettor-defendant was motivated by economic gain, the district court's instruction was not in error. *See United States v. Tsai,* 282 F.3d 690, 697 (9th Cir.2002). Moreover, any alleged error was hardly "plain," since sufficient evidence demonstrated that both Martinez and Estrada expected financial gain from the smuggling attempt.

**AFFIRMED.**